In a special proceeding, specified in the complaint in this action, it appears, by the return of the summons in that proceeding, that the same was duly served upon the defendants therein named; whereas, in fact, as the plaintiffs allege, that summons never was served. In that special proceeding a final judgment was entered, of which the plaintiffs complain, and the purpose of this action is to have the same set aside and declared void, upon the ground that the summons mentioned was never served, and hence the court had no jurisdiction of the parties named therein as defendants. The court below, "being of opinion that a motion in the cause is the proper remedy for the plaintiffs' alleged (79) grievance," gave judgment dismissing the action, and the plaintiffs, having excepted, appealed to this Court.
In view of a multitude of decisions of this Court, it is too clear to admit of serious question that the court properly dismissed the action upon the ground that the plaintiffs' remedy is by motion in the cause. Carter v.Rountree, ante, 29.
DEFENDANT'S APPEAL.
The defendant's appeal is disposed of by what we have said in plaintiffs' appeal.
Affirmed.
Cited: Rackley v. Roberts, 147 N.C. 204; Harris v. Bennett, 160 N.C. 345;Massie v. Hainey, 165 N.C. 179; Starnes v. Thompson, 173 N.C. 468.